FILED

2012 SEP 17 PM 12: 22

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1  BROWNE GEORGE ROSS LLP
   Eric M. George (State Bar No. 166403)
2    egeorge@bgrfirm.com
   Peter Shimamoto (State Bar No. 123422)
3    pshimamoto@bgrfirm.com
   2121 Avenue of the Stars, Suite 2400
4  Los Angeles, California 90067
   Telephone: (310) 274-7100
5  Facsimile: (310) 275-5697

6  Attorneys for Plaintiff
   MAUREEN GRADY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MAUREEN GRADY, an individual,

Plaintiff,

vs.

SCHOLASTIC INC., a New York corporation; KELLY MOORE, an individual; and DOES 1 THROUGH 10,

Defendants.

Case No. CV12-7992 SVW (AJWx)

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

341727.1

COMPLAINT

Plaintiff Maureen Grady ("Plaintiff") alleges as follows::

## NATURE OF THE ACTION

1. Grady is an author of the copyrighted work *Amber House*. Grady worked on the project with defendant Kelly Moore ("Moore") and Nancy Harewood ("Harewood"). *Amber House* was conceived as a television mini-series, television series and/or feature film. A treatment, screenplay and substantial additional written material were created. The treatment and screenplay were registered with the WGA in 1995. Grady, Moore and Harewood were listed as the works' authors. Although prominent individuals in the entertainment industry expressed interest in the project, production never commenced.

2. Grady recently learned that defendant Scholastic Inc. ("Scholastic") is scheduled to release a novel titled "Amber House" (the "Novel") on or about October 1, 2012. The Novel is reported to be the first book in a planned trilogy. The authors of the Novel are identified as Moore and her daughters, Tucker Reed and Larkin Reed. The Novel is based in substantial part on *Amber House*, including its premise, plot, themes, scenes, characters, mood, setting, pace, sequence of events and dialogue

3. Upon learning of the Novel, Grady advised Scholastic and Moore of her rights in *Amber House* and in the Novel. Scholastic and Moore have ignored Grady's communications.

4. Grady therefore has no choice but to commence this action to vindicate her rights. Defendants' wrongful actions have caused and will continue to cause Grady substantial and irreparable harm. Among other things, Grady is entitled to a declaration of her rights with respect to *Amber House* and the Novel, and to a share of the compensation that has been and will be paid in connection with the Novel, and all ancillary and related forms of exploitation. In addition, Grady is entitled to a declaration that Scholastic only has nonexclusive rights to the portions of the Novel that are also contained in *Amber House*—the majority of the Novel—and that Grady

has the right to grant nonexclusive licenses to others to exploit such material, including but not limited to other publishers, producers, and/or studios. Moreover, Grady is entitled to preliminary and permanent injunctive relief requiring that her contribution to the Novel be prominently credited on all copies of the Novel and all promotional material, and that any materials that do not accord Grady proper credit be destroyed.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the present action pursuant to 28 U.S.C. §§1331 and 1338(a), as this action arises under the Copyright Act and the Lanham Act. In addition, Plaintiff seeks a declaration pursuant to 28 U.S.C. §2201(a) regarding the ownership of the copyrighted work.

6. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

## THE PARTIES

7. Plaintiff Maureen Grady resides in Los Angeles County, California.

8. Upon information and belief, defendant Scholastic Inc. ("Scholastic") is a New York corporation, with its principal place of business in New York, New York. Upon information and belief, Scholastic has an office in Los Angeles County, California. Upon information and belief, Scholastic transacts substantial business in Los Angeles County and California.

9. Upon information and belief, defendant Kelly Moore ("Moore") resides in Jacksonville, Oregon. Upon information and belief, Moore transacts business in Los Angeles County. In addition, Moore worked on *Amber House* with Grady over a period of multiple years in Los Angeles County, which is where Moore resided at that time.

10. Grady is unaware of the true names and capacities of defendants named herein as DOES 1 through 10, inclusive, but is informed and believes, and thereon

alleges, that each of the fictitiously named defendants engaged in, or is in some manner responsible for, the wrongful conduct alleged herein. Grady sues these defendants by such fictitious names and will amend this complaint to state their true names and capacities when such names have been discovered.

## FACTS

11. Grady is one of the authors of the story, screenplay, treatment and related written material for the work *Amber House*. Grady devoted substantial time and energy to *Amber House* during the period 1993 through 1997. Other individuals who also worked on *Amber House* were Moore and Harewood. At the time, *Amber House* was conceived as a television mini-series, television series and/or motion picture.

12. A treatment and screenplay for *Amber House* were registered with the WGA in 1995. Grady, Moore and Harewood are identified as the authors on the WGA registrations.

13. The United States copyright office has issued registrations for the *Amber House* screenplay (PAu 3626119) and treatment (PAu 3629547) in the names of Grady, Moore and Harewood.

14. Grady recently learned that Scholastic, through its imprint Arthur A. Levine, intends to release a novel on or about October 1, 2012 titled *Amber House* (the "Novel"). The novel has been described as the first book of a planned trilogy. The authors of the Novel are identified as Moore and her daughters, Tucker Reed and Larkin Reed.

15. Marketing material for the Novel alleges that Moore "wrote the beginnings of *Amber House* years ago [and that] [w]hen her daughters discovered the manuscript in their attic, they decided to work as a team to reshape the book with a YA [young adult] perspective."

16. It has been reported that Scholastic has paid a six figure advance in connection with the Novel and/or trilogy.

17. The Novel is based in substantial part on *Amber House*, including but not limited to its premise, plot, themes, scenes, characters, mood, setting, pace, sequence of events and dialogue.

18. Grady has advised Scholastic and Moore that the Novel is based on *Amber House*, of which Grady is an author. Neither Scholastic nor Moore has responded to Grady.

## COUNT I

**(Declaratory Relief; Against All Defendants)**

19. Grady incorporates by reference paragraphs 1 through 18, inclusive, as though set forth in full herein.

20. The Novel is based in substantial part on *Amber House*, of which Grady is an author.

21. Scholastic and Moore have failed to respond to Grady's communications, and have failed to acknowledge Grady's rights in *Amber House* and the Novel.

22. An actual controversy has accordingly arisen and exists between Grady, on the one hand, and Scholastic and Moore, on the other hand.

23. Declaratory relief is necessary to resolve the foregoing actual controversy concerning Grady's rights with respect to *Amber House* and the Novel.

24. Grady seeks a judicial declaration of at least the following:

    (a) Grady is a joint author of *Amber House*;

    (b) *Amber House* is a joint work within the meaning of the Copyright Act;

    (c) Grady has all joint authorship rights provided by law with respect to *Amber House*, including the right to grant nonexclusive licenses to exploit the work, including but not limited to other publishers, producers, studios, etc.;

    (d) the Novel is a derivative work of *Amber House*;

   (e) Scholastic does not own exclusive rights to the portions of the Novel that are contained in *Amber House*.

25. In the alternative, Grady seeks a declaration that she is the sole copyright owner of the copyrightable material she contributed to *Amber House* and that the portions of the Novel that contain Grady's copyrightable contributions infringe Grady's copyright.

26. Grady has no adequate remedy in the ordinary course of law other than the relief sought herein.

## COUNT II

### (Copyright Infringement, 17 U.S.C. §101 *et seq.*; Against All Defendants)

27. Grady incorporates by reference paragraphs 1 through 26, inclusive, as though set forth in full herein.

28. In the event it is determined that *Amber House* is not a joint work under the Copyright Act, Grady is the sole copyright owner of the copyrightable material she contributed to *Amber House*.

29. Grady has not consented to the use of her material in the Novel.

30. The portions of the Novel that contain the copyrightable material that Grady contributed to *Amber House* infringe Grady's exclusive rights under the Copyright Act.

31. Grady is entitled to damages under the Copyright Act.

32. In addition, publication of the Novel will cause substantial and irreparable injury to Grady, for which she has no adequate remedy at law.

33. On information and belief, defendants' infringement of Grady's rights under the Copyright Act are willful, and were taken with oppression, fraud and malice, and in conscious disregard of Grady's rights.

## COUNT III

### (Accounting; Against All Defendants)

34. Grady incorporates by reference paragraphs 1 through 33, inclusive, as

though set forth in full herein.

35. As a joint author of *Amber House*, Grady is entitled to an accounting from defendants of all revenue and/or other consideration that has been and will be paid in connection with the exploitation of *Amber House*, including but not limited to the Novel and planned trilogy, and all ancillary and/or related forms of exploitation.

36. Grady has not received any accounting concerning the exploitation of *Amber House*, including the Novel and planned trilogy or any other forms of exploitation.

37. An accounting is necessary to determine the amounts Grady is entitled to receive in connection with the exploitation of *Amber House*, including the Novel, planned trilogy, and any related and/or ancillary products.

## COUNT IV
**(False Designation of Origin, 15 U.S.C. §1125(a); Against All Defendants)**

38. Grady incorporates by reference paragraphs 1 through 37, inclusive, as though set forth in full herein.

39. Publication of the Novel without providing Grady credit for her role in connection therewith has caused, will cause, and is likely to cause, confusion, mistake and/or deception as to the source of the Novel.

40. In the absence of injunctive relief, the public will be mistaken and/or deceived as to the source of the Novel, and Grady's role in connection therewith, and Grady will be substantially and irreparably harmed.

41. Grady is informed and believes, and thereon alleges, that defendants' acts were committed, and continue to be committed, with notice of Grady's rights, and with an intent to confuse, to cause mistake and/or to deceive, and to cause injury to Grady's reputation and goodwill. Pursuant to 15 U.S.C. §1117, Grady is entitled to recover three times her actual damages or three times defendants' profits, whichever is greater, together with Grady's attorneys' fees.

42. In addition, pursuant to 15 U.S.C. §1118, Grady is entitled to an order requiring destruction of all unlawful goods and promotional materials in defendants' possession that do not accord Grady proper credit.

## COUNT V

**(Unfair Competition; Against All Defendants)**

43. Grady incorporates by reference paragraphs 1 through 42, inclusive, as though set forth in full herein.

44. Defendants' conduct described herein is unlawful, unfair and/or fraudulent and constitutes unfair competition under California common law and under Section 17200 *et seq.* of the California Business and Profession Code.

45. Defendants' unfair competition has caused Grady to lose profits and has and will continue to cause damage to Grady's reputation by, among other things, failing to accord her proper credit for her role in connection with *Amber House*, the Novel and/or the planned trilogy.

WHEREFORE, Grady prays for judgment against defendants as follows:

1. For a declaration that Grady is a joint author of *Amber* House; that *Amber House* is a joint work within the meaning of the Copyright Act; that Grady has all joint authorship rights provided by law with respect to *Amber House*, including the right to grant nonexclusive licenses to exploit the work, including but not limited to other publishers, producers, studios, etc.; that the Novel is a derivative work of *Amber House*; and that Scholastic does not own exclusive rights to the portions of the Novel that are contained in *Amber House*. In the alternative, Grady seeks a declaration that she is the sole copyright owner of the material she contributed to *Amber House* and that the portions of the Novel that contain Grady's copyrightable and copyrighted material infringe Grady's exclusive rights as a copyright owner.

2. For preliminary and permanent injunctive relief requiring that Grady's

role as an author of the work upon which the Novel is based be publicly and prominently disclosed, including but not limited to on the cover (or comparable location) of the Novel and related works (in whatever format the Novel is published) and in all promotional materials for the Novel, and an order requiring the destruction of all goods and promotional material that do not contain such disclosure;

    3.    For an accounting to Grady of all revenue and/or other consideration that has been paid to Moore and others in connection with the Novel and/or the planned trilogy, and all ancillary and/or related material, and an order that all amounts paid or to be paid to Moore, Tucker Reed and Larkin Reed in connection with *Amber House*, the Novel, the planned trilogy, and all ancillary and/or related material be held in a constructive trust for the benefit of Grady.

    4.    For actual and compensatory damages in an amount to be proven at trial, and for interest thereon at the highest lawful rate;

    5.    For treble damages;

    6.    For statutory damages under the Copyright Act;

    7.    For prejudgment interest;

    8.    For Grady's costs of suit incurred herein;

    9.    For Grady's attorneys' fees; and

    10.    For such other and further relief as the Court may deem just and proper.

DATED: September 17, 2012

BROWNE GEORGE ROSS LLP
Eric M. George
Peter Shimamoto

By    */s/ Peter Shimamoto*
        Peter Shimamoto

Attorneys for Plaintiff MAUREEN GRADY

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(a) of the Federal Rules of Civil Procedure on all matters triable by a jury.

DATED: September 17, 2012

BROWNE GEORGE ROSS LLP
Eric M. George
Peter Shimamoto

By _____/s/ Peter Shimamoto_____
    Peter Shimamoto

Attorneys for Plaintiff MAUREEN GRADY

341727.1

-9-

COMPLAINT